The Railroad and Warehouse Commission *ex rel.* The St. Louis, Springfield and Peoria Railway Company, Appellee, *vs.* The Peoria and Pekin Union Railway Company, Appellant.

*Opinion filed April 22, 1915.*

This case is controlled by the decision in *Railroad and Warehouse Commission* v. *Peoria and Pekin Union Railway Co.* (*ante,* p. 462.)

Appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

Stevens, Miller & Elliott, (Gillespie & Fitzgerald, of counsel,) for appellant.

Everett Jennings, James A. Knowlton, and Graham & Graham, (George M. Morgan, and George W. Burton, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, the St. Louis, Springfield and Peoria Railroad Company, filed its petition with the Illinois Railroad and Warehouse Commission for permission to cross at grade one main and one side-track of appellant, the Peoria and Pekin Union Railway Company, in the city of Peoria. An order was entered in accordance with the prayer of the petition, which, on appeal to the circuit court of Sangamon county, was affirmed. This appeal has been taken to reverse that judgment.

The principal question urged here is that the right of appellee to cross appellant's tracks was not an absolute one but rested within the sound discretion of the Railroad and Warehouse Commission, subject to review by the courts. All parties agree that this question is the same as that raised by appellant in *Railroad and Warehouse Commission* v. *Peoria and Pekin Union Railway Co.* (*ante,* p. 462.) What is said in that case on this question must control here.

Counsel further argue that the proposed crossing is so dangerous as to be a menace to life and property. The crossing in this case is very close to the one involved in the case just cited. Counsel for appellant argue that while the traffic conditions at this crossing are substantially the same as at the crossing in that case, yet the conditions here make a grade crossing even more dangerous than in the other case. It is admitted by counsel that if there is any crossing permitted to appellee it must be a grade crossing at or very near the point where it was allowed. We have read the evidence in this case and can reach no other conclusion than that while such crossing may impede or endanger travel or transportation upon appellant's railroad it does not unnecessarily do this. The facts in this record justify the order entered by the commission and affirmed by the circuit court.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*